IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES EDWARD BOYD,

                  Plaintiff

VS.

TED SULLIVAN, *et al.*

                  Defendants

NO. 5:06-CV-224 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Plaintiff JAMES EDWARD BOYD has filed the instant suit pursuant to §1983, alleging that the named defendants violated his federally guaranteed rights. The proceedings have been assigned for consideration of the undersigned, a full-time United States Magistrate Judge. Pending before the court is the defendants' MOTION FOR SUMMARY JUDGMENT which is supported by an attached brief, a Statement of Facts, and a number of exhibits. Tab #23. The plaintiff has responded to the defendants' motion. Tab #33.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u> to present an issue of fact but <u>must</u> <u>make</u> <u>a</u> <u>response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## FACTS

On December 11, 2004, defendant Sullivan, a police officer, was dispatched to investigate the assault of a female juvenile. Upon coming into contact with the victim, Sullivan saw physical signs consistent with an assault, and the girl told Sullivan that she had been raped, beaten, and threatened by her mother's live-in boyfriend, James Boyd, who had held her captive in their house from 6:30 am to 2:00 pm.

Later in the day, after Boyd alerted the authorities of his whereabouts, defendant Sullivan picked up Boyd and took him to the police station for questioning. Boyd was handcuffed before he was transported to the station, though Sullivan had told him that he was not under arrest. Once at the station, Boyd was advised of his *Miranda* rights (see Defendants' Exhibit C, Tab #23-2 at 10 of 22), and was interviewed by police. During this interview, Boyd was handcuffed to a chair and his legs were shackled.

Based on the facts outlined above, Boyd was eventually tried and convicted by a jury on two counts of aggravated assault, one of which included the intent to rape, and one count of false imprisonment.

## CLAIM

The plaintiff's claim, as set forth in his complaint, is as follows:

***The Defendants violated Plaintiff's Constitutional Rights and constituted false imprisonment, cruel and unusual punishment, a due process violation, and denied Plaintiff the equal protection of the laws under the 4th, 5th, 6th, 8th, 13th, and 14th Amendments to the United States Constitution.***

Plaintiff Boyd seeks declaratory and injunctive relief.[1]

## DISCUSSION
### Defendants Sued in Their Official Capacities

Plaintiff Boyd has sued the defendants in their individual and official capacities. Section 1983 does not permit for defendants to be sued in their official capacities unless a plaintiff can show a policy or custom by which a government inflicts the deprivation of the right alleged in the suit. ***Owens v. Fulton County***, 877 F.2d 947, 952 n. 5 (11th Cir. 1989), ***Monell v. Dep't of Soc. Servs.***, 436 U.S. 658, 694 (1978). The plaintiff has shown no such policy or custom, and therefore all claims against the defendants in their official capacities should be DISMISSED. IT IS SO RECOMMENDED.

### Fourth and Fourteenth Amendment Claims

#### 1. False Arrest

Plaintiff Boyd has asserted that defendant Sullivan violated the plaintiff's Fourth and Fourteenth Amendment rights when Sullivan arrested Boyd. It is clearly established that in order for an officer to be held liable under §1983 for a false arrest, the arrest need only be supported by arguable probable cause. ***Jones v. Cannon***, 174 F.3d 1271, 1283 n. 3 (11th Cir. 1999). In the case at hand, defendant Sullivan had what he deemed to be reliable information regarding the rape of a juvenile, and — if the victim was to be believed — the identity of the rapist was not in doubt. The plaintiff was later convicted of a number of crimes in connection with the offense for which he was arrested, which convictions have not been overturned. The arrest was clearly supported by arguable probable cause, and the plaintiff's claims of unlawful arrest are therefore without merit.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** with respect to any claims regarding false arrest.

---

[1] Specifically, Boyd asks that the court enter judgment granting the plaintiff:

(1) a declaration that the defendants violated the plaintiff's rights; (2) injunctive relief in the form of polygraph tests; (3) compensatory damages of $1 million against each defendant; and (4) punitive damages of $1 million against each defendant. Tab #1 at 10 of 10.

## 2. Unlawful Detention

Plaintiff Boyd next complains that the defendants violated his due process rights by detaining him and restraining him while he was being questioned in connection with the alleged assault. Boyd apparently believes that because he was cooperating with the investigators that they had no right to officially detain him or restrain him with shackles and handcuffs while he was being questioned.

"The touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). When dealing with cases alleging excessive government action, as in the instant case, the Supreme Court has "repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 856 (internal quotation omitted). The facts involved in the instant case — restraining an alleged rapist while questioning him about a reported crime — do not demonstrate any arbitrariness. To the contrary, the officers involved had two legitimate motives behind restraining Boyd: (1) to ensure that he did not escape their custody, and (2) to protect themselves and those around them from a potentially dangerous detainee. It is also noted that the officers took **reasonable** measures to meet their goals, and did not unduly restrain the plaintiff, as with a straight jacket.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** with respect to all claims of an unlawful detention.

## *Miranda* Issues

Plaintiff Boyd claims that the failure of the arresting officer to read him his *Miranda* rights at the time he was handcuffed violated his constitutional rights. This claim is completely without merit. *See **Jones v. Cannon***, 174 F.3d 1271, 1291 (11th Cir. 1999) ("[F]ailing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created."). Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** with respect to all *Miranda*-based claims.

## Application of *Heck v. Humphrey*

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (footnote omitted).

Plaintiff Boyd contends that because he was acquitted of the rape for which he was initially arrested, that his claims based on unlawful incarceration are not barred by *Heck*. However, while the evidence might have been insufficient to establish beyond a reasonable doubt that Boyd had raped the victim, there was sufficient evidence to convict Boyd of two counts of aggravated assault and one count of unlawful imprisonment. To the extent that Boyd challenges his conviction or resulting incarceration, those claims are barred by *Heck*, as he has provided no evidence of a reversal, expungement, or writ of habeas corpus for the crimes for which he was convicted, and he has not alleged that he is being incarcerated for the rape of which he was acquitted.

Accordingly IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** as to any challenges to Boyd's conviction and/or incarceration.

## Remaining Claims

Though he makes passing references to a denial of his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment rights to equal protection under the law, Boyd has not clearly presented those claims to this court. Plaintiff's complaint also makes a reference to the Thirteenth Amendment, but he has failed to show that he has been made a slave or involuntary servant; in any event, he has been duly convicted of a crime, making the protections of the Thirteenth Amendment unavailable.

The defendants also correctly assert that to the extent Boyd has brought suit pursuant to Georgia law, Boyd has not provided any evidence to show that he provided *ante litem* notice to the defendants as required by O.C.G.A. §36-33-5.

## QUALIFIED IMMUNITY

Because the defendants have not violated any clearly established federal right, they are entitled to qualified immunity on all of the plaintiff's claims.

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 29th day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE